IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JASON R. DADDARIO | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | NO. 17-2176 |
| | : | |
| NANCY A. BERRYHILL | : | |

KEARNEY, J.                                                                                                     April 24, 2018

## MEMORANDUM

Administrative Law Judge Anne W. Chain denied Jason R. Daddario's application for Social Security disability insurance benefits.[1] Mr. Daddario appealed. We referred the appeal to Magistrate Judge Thomas J. Rueter for a report and recommendation ("Report"). After considering the briefing, Judge Rueter recommended we deny Mr. Daddario's request for review.[2]

Mr. Daddario filed three objections to Judge Rueter's Report challenging ALJ Chain for improperly: (1) rejecting treating orthopedic surgeon Steven J. Valentino, D.O.'s opinion; (2) rejecting treating physiatrist John J. Kraus, M.D.'s opinion; and (3) omitting credibly established limitations in her hypothetical to the Vocational Expert.

We review ALJ Chain's findings of fact under the deferential "substantial evidence" standard.[3] We must affirm her decision "so long as [her] conclusions are supported by substantial evidence."[4] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5] "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'"[6] We review the record as a whole to determine whether substantial evidence supports a factual finding.[7] After our *de novo* review of

the record, the Report, and Mr. Daddario's objections, we find substantial evidence to support ALJ Chain's findings and adopt Judge Rueter's Report entering judgment for the Commissioner.

### A. ALJ Chain properly afforded limited weight to Dr. Valentino's July 12, 2012 opinion.

Mr. Daddario objects to the weight given by ALJ Chain to the July 18, 2012 opinion of treating orthopedic surgeon Dr. Valentino. ALJ Chain assigned "little weight" to Dr. Valentino's opinion explaining it (1) pre-dated the amended onset date of September 1, 2012; (2) did not provide function by function limitations; (3) is based on subjective complaints; and (4) is inconsistent with findings of normal gait and full strength.[8]

Mr. Daddario objects to Judge Rueter's Report as failing to address his argument ALJ Chain erred when she rejected Dr. Valentino's July 18, 2012 opinion as pre-dating the September 1, 2012 onset date while at the same time relying on reports from other physicians also pre-dating the onset date. Judge Rueter acknowledged this argument. After reviewing all of Mr. Daddario's arguments and the applicable law, he concluded ALJ Chain provided adequate justification for assigning limited weight to Dr. Valentino's opinion for the other three reasons.[9] Judge Rueter analyzed Dr. Valentino's opinion notwithstanding its date. Even if we disregard ALJ Chain's dismissal of Dr. Valentino's July 12, 2012 opinion based on timing, ALJ Chain found three other substantial grounds to afford less weight to Dr. Valentino's July 18, 2012 opinion.

#### 1. Dr. Valentino failed to provide function by function limitations.

Mr. Daddario objects to Judge Rueter's finding ALJ Chain did not err when she found Dr. Valentino failed to provide function by function limitations. Dr. Valentino opined Mr. Daddario's "[s]ymptoms are worse with activity and prolonged posture and decreased with rest and recumbency."[10] Judge Rueter disagreed, finding while Mr. Daddario offered his own

2

explanation for Dr. Valentino's opinion, Dr. Valentino's statement did not provide function by function limitations. Mr. Daddario contends the "plain meaning" of Dr. Valentino's words shows function by function limitations and "yields a conclusion" he is precluded from prolonged sitting, standing, and walking, and requires rest in a recumbent position.

We agree with Judge Rueter's conclusion Dr. Valentino's opinion does not support Mr. Daddario's interpretation.

### 2. Disability determinations are reserved to the Commissioner.

Mr. Daddario objects to Judge Rueter's finding Dr. Valentino's July 2012 conclusion Mr. Daddario "is disabled from gainful employment" is not binding on ALJ Chain. Judge Rueter correctly applied the relevant regulations and case law providing medical opinions as to a claimant's disability are not binding on the ALJ and disability determinations are reserved for the Commissioner.[11] Mr. Daddario objects, arguing Dr. Valentino's opinion of worsening pain with activity and prolonged posture which is decreased by rest and recumbency is not an opinion on an issue reserved to the Commissioner, but an opinion regarding the "nature and severity" of his impairments entitled to special significance under the regulations.

We disagree. Medical opinions, as defined by regulation, are "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."[12] Opinions on issues reserved to the Commissioner will not be given any special significance, including opinions on the nature and severity of a claimant's impairments.[13]

### 3. Dr. Valentino's opinion is based on subjective complaints of pain.

Mr. Daddario objects to Judge Rueter's finding the ALJ did not err when she found Dr.

3

Valentino's opinion is based on subjective complaints of pain. Dr. Valentino's July 2012 treatment notes state Mr. Daddario "unfortunately continues to be in severe pain. He is disabled from gainful employment from chronic pain; every second of his life *as he indicates*."[14] Correctly applying the relevant law, Judge Rueter found a medical report's memorialization of a claimant's subjective statements does not elevate the statements to a medical opinion. Judge Rueter found ALJ Chain properly discounted Dr. Valentino's opinion on this basis.[15]

Mr. Daddario argues ALJ Chain's interpretation of Dr. Valentino's opinion ignores the objective evidence in the record of an earlier, failed lumbar surgery, contending Dr. Valentino, as a specialist, "understood" Mr. Daddario's pain to be continuing and his opinion should be given more weight under 20 C.F.R. § 404.1527(c)(5). Subsection 404.1527(c)(5) provides opinions of specialists are "generally give[n] more weight . . . about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist." But this recognition does not vitiate the law of this Circuit regarding a claimant's subjective statements in a medical report. Judge Rueter additionally noted ALJ Chain properly discounted Dr. Valentino's July 2012 opinion in part because the opinion is inconsistent with a finding - in the same treatment notes – of normal gait and full strength.[16]

### 4. Judge Rueter properly evaluated Dr. Kuznits's reports.

Mr. Daddario further objects to Judge Rueter's rejection of his argument Dr. Valentino's opinion is supported by reports of another treating physician, Sagi M. Kuznits, M.D. Dr. Kuznits, a neurosurgeon, performed Dr. Daddario's laminectomy in 2010 and examined him again in August 2012 and March 2013.[17] Dr. Kuznits's March 22, 2013 examination concluded "[g]iven the degree of disability we'll going [sic] to proceed with surgery."[18] Dr. Kuznits again performed surgery on Mr. Daddario in July 2013.

4

Mr. Daddario contends this evidence supports Dr. Valentino's opinion and cuts against ALJ Chain's finding Mr. Daddario stable in the period immediately following the date last insured, December 31, 2012.[19] Mr. Daddario contends both ALJ Chain and Judge Rueter misinterpreted the record as showing stability when the record shows a degree of impairment as to require surgery. Mr. Daddario specifically cites Judge Rueter's reliance on the finding of "full strength in his lower extremities" on August 24, 2012 as misplaced.

We disagree. The record of Dr. Kuznits's evaluation in August 2012 shows full strength in his lower extremities and an MRI showing "fusion with intact instrumentation and no evidence of abnormal motion" and "[t]he remaining discs are within normal limits without evidence of new pathology," contrasted with Mr. Daddario's subjective complaints, for example "[h]e tells me that at this point in time he is unable to sit or stand for more than an hour at a time." Applying a *de novo* review, we find no error in Judge Rueter's conclusion ALJ Chain provided adequate justification for assigning limited weight to Dr. Valentino's opinion.

### B. ALJ Chain correctly applied limited weight to Dr. Kraus's opinion.

Making the same argument considered by Judge Rueter, Mr. Daddario contends ALJ Chain erroneously assigned little weight to the opinion of his treating physiatrist, Dr. Kraus, in part because she found Dr. Kraus's opinion appeared to be largely based on subjective complaints. Applying a *de novo* review, we find Judge Rueter properly concluded ALJ Chain provided adequate justification for assigning limited weight to Dr. Kraus's opinion.

Mr. Daddario now objects to Judge Rueter's reliance on case law cited for the proposition "[a]n ALJ may accept some portions of a medical source's opinion while rejecting other opinions from the same source."[20] Mr. Daddario argues "this proposition is not applicable to the facts here" because ALJ Chain failed to mention or consider Dr. Kraus's clinical findings on

5

examination supporting his opinions, which he contends is reversible error.

ALJ Chain did not ignore Dr. Kraus's clinical findings. She recognized Dr. Kraus's conclusion he does not see how Mr. Daddario can return to an employed position in view of his medication and limitations in sitting and standing tolerance.[21] ALJ Chain explained giving little weight to Dr. Kraus's opinion because of subjective complaints of pain. She explained a phone log in Dr. Kraus's records show Mr. Daddario called to report he cannot "sit or stand for greater than 3°, can't work," but at Mr. Daddario's office visit with Dr. Kraus, Mr. Daddarios reported only being able to sit and stand for 15 to 20 minutes. On examination, Dr. Kraus found Mr. Daddario moved slowly on examination, but he had a normal gait and full strength.[22] ALJ Chain also noted the record does not regularly reflect complaints of side effects from medication and Dr. Kraus did not provide function by function limitations in support of his opinion.[23] Upon our *de novo* review of the record, we reach the same conclusion as Judge Rueter: ALJ Chain considered the lack of support for Dr. Kraus's opinion and explained her reasons for assigning little weight to his opinion consistent with the law of our Circuit.

### C. We uphold ALJ Chain's hypothetical to the vocational expert.

Mr. Daddario argues the ALJ erred when she framed a hypothetical to the vocational expert with an assumption he could perform a range of sedentary work, ignoring the credibly established limitations assessed by Dr. Valentino and Dr. Kraus.[24] As correctly noted by Judge Rueter, an ALJ need only submit credibly established limitations.[25] Mr. Daddario's objection to the hypothetical is based on his objection to ALJ Chain's assignment of weight to Dr. Valentino's and Dr. Kraus's opinions.

We find substantial evidence supports ALJ Chain's findings. We additionally find Judge Rueter correctly assessed the hypotheticals posed to the vocational expert. ALJ Chain asked the

6

vocational expert to consider a hypothetical limited in lifting and carrying up to twenty pounds occasionally, ten pounds frequently, standing and walking up to four hours a day, sitting up to six hours a day with no more than occasional climbing, balancing, stopping, kneeling, crouching, and crawling, and no climbing of ladders, ropes, or scaffolds, and no frequent exposure to humidity and pulmonary irritants.[26] ALJ Chain shifted to the sedentary exertional level of lifting and carrying up to ten pounds occasionally, standing and walking up to two hours, and sitting up to six hours.[27] ALJ Chain then asked if the addition of limitations to no more than occasional pushing or pulling with upper or lower extremities would modify the positions identified by the Vocational Expert at the light exertional level.[28] The Vocational Expert responded such limitations would not modify positions in the light exertional level such as inspector, sorter, and packer.[29]

We agree with Judge Rueter's finding the hypothetical questions posed to the vocational expert accurately reflect Mr. Daddario's impairments supported in the record.

In the accompanying Order, we adopt Judge Rueter's Report and dismiss Mr. Daddario's appeal.

---

[1] Administrative Record ("R.") at 20-32 (ECF Doc. No. 7).

[2] ECF Doc. No. 19.

[3] 42 U.S.C. §405(g).

7

[4] *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Craigie v. Bowen*, 835 F.2d 56, 57 (3d Cir. 1987)).

[5] *Id.* (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

[6] *Id.*

[7] *Id.* (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)).

[8] R. 28.

[9] ECF Doc. No. 19 at 14, 17-21.

[10] R. 296.

[11] R. 28.

[12] 20 C.F.R. § 404.1527(a)(1).

[13] 20 C.F.R. § 404.1527(d)(3).

[14] R. 296 (emphasis added in Report and Recommendation).

[15] *See Morrison v. Barnhart*, 78 F.App'x 820, 824-25 (3d Cir. 2003).

[16] R. 28.

[17] R. 532-535.

[18] R. 532.

[19] R. 27.

[20] ECF Doc. No. 19 at 22 (citing *Connors v. Berryhill*, No. 17-1084, 2017 WL 4400758, at *5 (E.D. Pa. Sept. 29, 2017)).

[21] R. 28.

[22] R. 28, 377, 450.

[23] R. 28.

[24] R. 92-93.

[25] *Zirnsak*, 777 F.3d at 615 (citing *Rutherford*, 399 F.3d at 554).

[26] R. 90.

[27] R. 91-92.

[28] R. 92.

[29] R. 90-92.